IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORRAINE DUGGIN, individually and as Co-Special Administrators for the Estate of Susan D. Kiscoan, deceased; and JOHN (JACK) KISCOAN, individually and as Co-Special Administrators for the Estate of Susan D. Kiscoan, deceased;<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS COUNTY, NEBRASKA, WELLPATH, LLC, CORRECT CARE SOLUTIONS, LLC, MARK FOXALL, in their individual and official capacities; AMBER M. REDMOND, in their individual and official capacities; JACQUELINE ESCH, M.D. - in their individual and official capacities; ANDREA D. MILLS, in their individual and official capacities; MAKAHLA GRAY, in their individual and official capacities; KRISTI L. RAMIREZ, in their individual and official capacities; JOYCE BROOKS, in their individual and official capacities; LAURIE BARNHOUSE, in their individual and official capacities; PEYTON L. STAMMER, in their individual and official capacities; OFFICIAL DOES 1-10, in their individual and official capacities; STAFF DOES 1-50, in their individual and official capacities; NURSE DOES 1-10, in their individual and official capacities; and DOCTOR DOES 1-10, in their individual and official capacities;<br><br>Defendants. | 8:19CV406<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Partial Dismissal, ECF No. 47, filed by Defendant Joyce Brooks. For the reasons stated below, the Motion will be granted, in part.

**BACKGROUND**

The following is a summary of the facts alleged in the Complaint, ECF No. 1, that are assumed true for purposes of the Motion for Partial Dismissal.

On September 14, 2017, Susan Kiscoan (Kiscoan) was transported by paramedics to CHI Health University hospital. She refused treatment and asked to be transferred to Lakeside hospital. She was advised by emergency department staff that, if she refused treatment, she had a right to leave against medical advice and find her own transportation to Lakeside hospital. After she refused treatment *and* refused to leave the facility, she was arrested and transported by Omaha Police Department officers to the Douglas County Correctional Center (DCCC), where she was charged with trespassing and bond was set.

On September 15, 2017, Kiscoan filled out an Inmate Request Form. She wrote that she suffered from Addison's Disease, required Prednisone and Fludrocortisone for treatment, and that Addison's Disease "is a life threatening health condition when it goes untreated for too long." Compl., ECF No. 1, Page ID 14. Kiscoan was prescribed daily Prednisone and Fludrocortisone. On September 18, 2017, the Douglas County Attorney's Office advised DCCC staff that Kiscoan had been on a Mental Health Board Commitment since 2012. She was referred to a mental health professional after DCCC staff observed Kiscoan "soiling herself" suspected she might be paralyzed. *Id.* The mental health staff at

2

DCCC received information that Kiscoan had been diagnosed with Schizophrenia and recommended she be scheduled for a mental health follow-up.

On September 19, 2017, Kiscoan was moved to the infirmary due to her medical issues and the medical staff's inability to obtain her vital signs. On September 27, 2017, she injured her head when she fell between a toilet and sink area. After she lay on the floor for a time, she was transported by wheelchair to take a shower. She was then transported back to her housing unit and given a blanket because her clothes were wet from the shower and a new set of clothes was not yet available. DCCC staff left Kiscoan naked in her room, halfway on the bed. She urinated while struggling to get on the bed. After eventually getting on the bed, she covered herself with the blanket.

Despite Kiscoan's worsening condition, Defendants failed to treat her; ignored her need for medical care and food; and failed to give her electrolytes or salt. Although Defendants were aware that her condition was grave, they failed to seek additional medical treatment on her behalf, and she was not seen by medical staff on September 27, 2017. On September 28, 2017, at approximately 12:40 a.m., Kiscoan stopped moving and stopped breathing. At approximately 4:20 a.m., DCCC staff found Kiscoan unresponsive and she was pronounced dead at 4:25 a.m. Kiscoan had not received her Addison's Disease medication since September 24, 2017, which led to her death.

Brooks was one of many wardens, correctional officers, guards, or other jail staff employed by Defendant DCCC and/or Defendant Wellpath, LLC, who were in contact with Kiscoan during the time that is the subject of Plaintiffs' Complaint.

Lorraine Duggin and John Kiscoan, individually and as Co-Special Administrators for the Estate of Susan Kiscoan filed a Complaint, ECF No.1, containing six causes of

action. Brooks seeks dismissal of Plaintiffs' claim under 42 U.S.C. § 1983 for violation of Kiscoan's Eighth Amendment rights. Brooks also seeks dismissal of Plaintiffs' Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, claim and all state-law claims against Brooks in her individual capacity.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555, 556 (quoting *Scheuer v. Rhodes*, 416

4

U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

**I. § 1983 Claim Based on Eighth Amendment Violations**

Plaintiffs allege Defendants were "deliberately, consciously and intentionally indifferent to Ms. Kiscoan's obvious, serious medical needs" and that their acts and omissions violated Kiscoan's rights under the "Eighth and/or Fourteenth Amendment." Compl., ECF No. 1, Page ID 17. Plaintiffs allege a violation of Kiscoan's right to be free from cruel and unusual punishment and deprivation of life and liberty without due process of law. *Id.* Plaintiffs specifically reference Defendants' failure to provide the medication, nutrition, and treatment necessary for Kiscoan's Addison's Disease. *Id.* at 17. Brooks argues that Plaintiffs cannot state a plausible claim for relief under the Eighth Amendment because of Kiscoan's status as a pretrial detainee. Brooks does not seek dismissal of Plaintiffs' Fourteenth Amendment claim.

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "A prisoner's conditions of confinement, including the safety measures taken to protect prisoners, are subject to scrutiny under the Eighth Amendment." *Davis v. Oregon Cty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010) (*citing Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir.2007)). "A pretrial detainee's section 1983 challenge to the conditions of confinement "are analyzed under the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment.'" *Id.* (*quoting Kahle*, 477 F.3d at 550). "However,

5

because, '[u]nder the Fourteenth Amendment, pretrial detainees are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment,' we apply the identical deliberate-indifference standard as that applied to conditions-of-confinement claims made by convicts." *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (internal quotations and citations omitted) (quoting *Owens v. Scott County Jail*, 328 F.3d 1026 1027 (8th Cir. 2003)).

Although Kiscoan was charged with trespassing prior to her death, Plaintiffs do not allege that she was convicted of any crime. Thus, the Eighth Amendment's protections against cruel and unusual punishment do not apply, and Plaintiffs' Eighth Amendment claim against Brooks in her individual and official capacities will be dismissed.

## II. ADA Claim

Plaintiffs assert claims generally against all Defendants for violating § 12132 of the ADA. Title II of the ADA provides that "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" as it is defined within the statute, does not include individuals. 42 U.S.C. § 12131(1); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (citations omitted). Individual-capacity claims brought under Title II of the ADA are subject to dismissal. *See Dinkins v. Corr. Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014) (per curiam) (relying on *Alsbrook* to dismiss Title II claims against correctional officers in their individual capacities). Thus, to the extent Plaintiffs' Complaint asserts an ADA claim against Brooks in her individual capacity, it will be dismissed.

6

**III. State-Law Claims**

Plaintiffs assert state-law claims generally against all Defendants for malpractice, intentional infliction of emotional distress, and negligent infliction of emotional distress. Brooks seeks dismissal of Plaintiffs' state-law claims against her in her individual capacity. She argues that because state-law torts were allegedly committed within the scope of her employment with Douglas County, they can be asserted against her only in her official capacity. Even assuming Brook's argument is correct, Plaintiffs' Complaint states that "Defendants Joyce Brooks, Laurie Barnhouse and Peyton L. Stammer are individual wardens, correctional officers, guards, or other jail staff employed by Defendant Douglas County and/or Defendant Wellpath who were in contact with Ms. Kiscoan during the time that is the subject matter of the present case." ECF No. 1, Page ID 5. It is unclear from the face of the Complaint whether Brooks was employed by Douglas County or Wellpath and, thus, the Court will not dismiss the state-law claims against Brooks in her individual capacity at this time.

Accordingly,

IT IS ORDERED:

1. The Motion for Partial Dismissal of Joyce Brooks, ECF No. 47, is granted, in part as follows:

    a. Plaintiffs' § 1983 claim for violation of Kiscoan's Eighth Amendment rights against Defendant Brooks in her individual and official capacities is dismissed without prejudice;

b. Plaintiffs' claim for violation of 42 U.S.C. § 12132 of the ADA against Defendant Brooks in her individual capacity is dismissed without prejudice;

2. Defendant Brooks's Motion for Partial Dismissal is otherwise denied; and

3. Defendant Brooks shall respond to the remaining claims in the Complaint, ECF No. 1, on or before February 19, 2019.

Dated this 5th day of February 2020.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Senior United States District Judge